UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TIMMY HEM,**<br>　　　**Plaintiff,**<br><br>　　　v.<br><br>**CHELSEA DISTRICT COURT,**<br>　　　**Defendant.** | )<br>)<br>)<br>)　**Civil Action No.**<br>)　**19-11873-IT**<br>)<br>)<br>)<br>)<br>) |

# ORDER

**TALWANI, D.J.**

Now before the Court is a Letter [#14] from plaintiff Timothy Hem ("Hem"), an inmate in custody at the Suffolk County House of Correction. The Court has reviewed Mr. Hem's letter and construes it as a motion for reconsideration.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly" and only where "either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (internal citation omitted). Hem has not met that standard here.

This action, which was filed on September 3, 2019, was dismissed because Hem had previously filed an action against the same defendant. See Hem v. Chelsea District Court, C.A. No. 19-11643-NMG (filed Jul. 29, 2019). A comparison of the original complaint in this action with the original complaint in the earlier action revealed that the pleadings were sufficiently analogous to support the dismissal of this action. Both complaints named the Chelsea District Court as the sole defendant and both complaints recounted the events surrounding Hem's arrest

for trespassing while on probation and his subsequent probation revocation despite the fact that he was found not guilty of the trespass charge. The Court found that it would be in the interest of judicial efficiency to have Hem's claims resolved in the first-filed action before Judge Gorton. Accordingly, on October 17, 2019, the court vacated the granting of leave to proceed *in forma pauperis* and prior partial assessment of the filing fee and dismissed the action. Order [#9].

Hem's Letter [#14] asserts that the two cases are not exactly the same. This argument is legally insufficient as it does not address the judicial efficiency in having his claims litigated before a single judge and does not meet the standard for a motion for reconsideration.

Nor is Hem's desire to pursue a claim against the Chelsea District Court a basis for reopening this action. As this court advised Hem in the Memorandum and Order [#5] issued before the court was aware of the earlier filed case, Hem's claim against the Chelsea District Court is barred by Eleventh Amendment Immunity; the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and the fact that because of different burdens of proof in criminal cases and probation revocation proceedings, the Commonwealth is not barred from revoking probation based upon a violation of law of which a probationer was subsequently found not guilty. See Kimbroughtillery v. Commonwealth, 30 N.E.3d 841, 846, 471 Mass. 507, 511 (Mass. 2015) (citation omitted). Similarly, Judge Gorton entered two orders advising Hem that his claim against the Chelsea District Court was subject to dismissal based on Eleventh Amendment Immunity. See 19-11643-NMG, 11/12/19 Order (#10); 3/27/20 Order (#14).

Based upon the foregoing, it is it is hereby ORDERED that

1. Plaintiff's Letter [#14] is construed as a motion for reconsideration and denied.

2. This case remains closed and the clerk is directed to send a copy of this Order to

Hem.

**So ordered.**

                                                      /s/ Indira Talwani
                                                     United States District Judge

Dated: April 22, 2020